**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4003**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DAVY CHRISTOPHER WYATT,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00322-NCT-1)

Submitted:  June 12, 2009    Decided:  July 2, 2009

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davy Christopher Wyatt pled guilty pursuant to a written plea agreement to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Wyatt as a career offender to 262 months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but states that Wyatt's sentence is unreasonable because it is unduly harsh. Wyatt was notified of his right to file a pro se supplemental brief, but he did not do so. Finding no error, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Wyatt, appropriately treating the Guidelines

2

as advisory, properly calculating and considering the applicable Guidelines range, and discussing the applicable § 3553(a) factors. Furthermore, Wyatt's sentence, which is the low end of the advisory Guidelines range and well below the applicable statutory maximum, see 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2009) (prescribing maximum of life imprisonment for offenses involving five grams or more of cocaine base and a prior felony drug conviction), may be presumed reasonable by this court. Thus, we conclude the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED